IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**GARY MOORE**                                                                                               **PLAINTIFF**

**VERSUS**                                             **CIVIL ACTION NO. 2:18-cv-198-KS-MTP**

**COMMUNITY BANK**                                                        **DEFENDANT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court, *sua sponte*, upon Plaintiff's failure to prosecute this action and comply with certain orders of the Court. Having considered the documents made a part of the record and the applicable law, the undersigned recommends that this action be dismissed without prejudice.

Plaintiff, proceeding *pro se*, filed this action on November 11, 2018. Comp. [1]. The Court granted him *in forma pauperis* status on January 23, 2019. Order [7]. The Court directed Plaintiff to file an Amended Complaint on or before February 6, 2019 stating a name and address for Community Bank's agent for service of process. *Id*. Plaintiff did not comply with the Court's January 23, 2019 order.

On March 1, 2019, the Court directed Plaintiff to file an Amended Complaint stating a name and address for Community Bank's agent for service of process on or before March 15, 2019. Order [8]. Plaintiff, again, did not comply with the Court's order.

Pursuant to Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-30 (1962); *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998) (*citing McCullough v. Lynaugh*, 835 F.2d 126, 1127 (5th Cir. 1988)). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in

1

the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link,* 370 U.S. at 629-31.

This case warrants dismissal under Rule 41(b). The docket reflects little action on the part of Plaintiff since this matter was filed over six months ago. Plaintiff has also failed to comply with two separate orders of the Court.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that this action be dismissed without prejudice for failure to prosecute and to comply with the Court's orders.

## RIGHT TO OBJECT

In accordance with the rule and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The district judge at the time may accept, reject, or modify in whole or in part, the recommendations of the magistrate judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1428-29 (5th Cir. 1996).

THIS the 31st day of May, 2019

                                              s/ Michael T. Parker
                                              United States Magistrate Judge